# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NANCY WEBER,<br><br>  Plaintiff,<br><br>vs.<br><br>COUNTY OF LANCASTER, a Nebraska Political Subdivision;<br><br>  Defendant. | 4:17CV3117<br><br>ORDER |

This matter is before the Court on Plaintiff's Motion for Leave to Depose Joe Kelly Out of Time ([Filing No. 43](#)). The Court will grant the motion, in part.

The Court's progression order filed on January 29, 2018, provided August 16, 2018, as the deadline for the parties to complete depositions. ([Filing No. 20](#)). According to Plaintiff's motion, the parties took depositions on August 29, August 31, September 5, and September 6, 2018, including two of Defendant's employees. ([Filing No. 43](#)). Plaintiff believes that, based on information learned during the depositions of Defendant's employees, it is necessary to take Joe Kelly's deposition to oppose Defendant's summary judgment motion and to prepare for trial.

Defendant opposes Plaintiff's motion for several reasons. According to Defendant, Plaintiff has known of Joe Kelly's role from the outset of this lawsuit, but at a minimum, Plaintiff should have known in January 2018 of the potential need to depose Joe Kelly based on Defendant's Rule 26(a)(1) disclosures, and certainly would have known by the time Defendant served its responses to written discovery in March 2018. Defendant argues that, despite ample notice, Plaintiff only first requested to take Joe Kelly's deposition on September 12, 2018, six weeks after the expiration of the deposition deadline. ([Filing No. 45](#)).

A progression order schedule "may be modified only for good cause." [Fed. R. Civ. P. 16](#). "In demonstrating good cause, the moving party must establish that the scheduling deadlines cannot be met despite a party's diligent efforts." *[Lawrey v. Good Samaritan Hosp.](#)*, No. 8:11CV63, 2012 WL 2920359, at \*1 (D. Neb. July 17, 2012). In addition to the good cause requirement, when a motion is made after the time has expired, the court may extend the time "if

the party failed to act because of excusable neglect." See Fed. R. Civ. P. 6(b)(1)(B). "The determination as to what sort of neglect is considered excusable is an equitable one, taking account of all relevant circumstances surrounding the party's own omission." *Miller v. Kellogg USA, Inc.*, Case No. 8:04CV500, 2006 WL 468315, *2 (D. Neb. Feb. 27, 2006)(quotation and citation omitted).

Defendant's objections to the instant motion are well-taken, particularly where Plaintiff did not file a brief with her motion. However, the Court will nevertheless grant Plaintiff's motion, in part. The Court will accept at face-value Plaintiff's representation that she learned new information during the late August and September depositions of Defendant's employees prompting her request to depose Joe Kelly. Additionally, it appears that the parties apparently did agree to informally extend the court-imposed deposition deadline in order to take depositions on August 29, August 31, September 5, and September 6, 2018. Plaintiff's request to depose Joe Kelly came only one week after the last defense witness was deposed. Finally, the Court recently entered an amended case progression order in accordance with the parties' joint motion that continued the summary judgment deadline to November 16, 2018, and trial to April 22, 2019. Plaintiff's request to depose one additional witness will not impact or delay the remaining case progression deadlines.

However, the Court finds that Defendant's alternative suggestion to limit Joe Kelly's deposition is appropriate under the circumstances. Plaintiff may depose Joe Kelly for a maximum of two hours regarding the issues of Defendant's decisions to deny Plaintiff's accommodation request in 2015 and terminate her employment in May 2016. Accordingly,

**IT IS ORDERED**: Plaintiff's Motion for Leave to Depose Joe Kelly Out of Time (Filing No. 43) is granted, in part. Plaintiff may depose Joe Kelly for a maximum of two hours regarding Defendant's decisions to deny Plaintiff's accommodation request and terminate her employment.

Dated this 27th day of September, 2018.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge